UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No.: 2:10-CR-110
)
MANUEL PEREZ BURELO )

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's *pro se* motions for sentence reduction [docs. 1152, 1166, 1249], which have been rendered moot by the supplemental motion filed by counsel [doc. 1250]. Through counsel, the defendant asks the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded [doc. 1251], deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

## I. Authority

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon v. United States*, 560 U.S. 817, 827 (2010) (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2016). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2016). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of

imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1]  In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B).  A court may further consider a defendant's post-sentencing conduct. *See id.*

II. **Factual Background**

By judgment dated July 5, 2012, this court sentenced the defendant to a 132-month term of imprisonment as to Count One (a cocaine conspiracy).  The defendant's guideline range was 151 to 188 months, based on a total offense level of 34 and a criminal history category of I.  The court granted the defendant's motion for downward variance and imposed a sentence below the guideline range.  According to the Bureau of Prisons, the defendant is presently scheduled for release on June 13, 2020.

III. **Analysis**

Applying Amendment 782, the defendant's new guideline range is 121 to 151 months, based on a total offense level of 32 and a criminal history category of I.  Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The court has considered the filings in this case, along with the relevant 3553(a) factors.  Additionally, the court has considered the danger to the public as the result of

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B).  No such motion was filed as to the present defendant.

any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii). Having done so, the court finds that the defendant should be granted a sentence reduction.[2]

The court does note that the defendant has committed two disciplinary infractions while incarcerated, including pushing a cart containing sixty-one dollars' worth of stolen fish and bologna. However, those matters have been sufficiently addressed by the Bureau of Prisons and are not grounds to deny the requested relief.

## IV. Conclusion

For the reasons stated herein, the defendant's *pro se* motions for sentence reduction [docs. 1152, 1166, 1249] are **DENIED AS MOOT** and the supplemental motion filed by counsel [doc. 1250] is **GRANTED**. The defendant's term of imprisonment is reduced to **121 months**.

Except as provided above, all provisions of the judgment dated July 5, 2012, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

---

[2] The reduced sentence cannot, however, include a downward variance (unrelated to substantial assistance) below the new guideline range, even though a variance was previously granted at sentencing. *See United States v. Taylor*, 815 F.3d 248 (6th Cir. 2016).